UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LUKE TIMOTHY PAIS, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-384-JD-JEM |
| CHAD HOLLOWAY, | |
| Defendant. | |

OPINION AND ORDER

Luke Timothy Pais, a prisoner without a lawyer, filed a complaint about an incident in December 2022 at the Whitley County Jail in which Officer Chad Holloway allegedly pushed him up against the wall and choked him while he was handcuffed and restrained. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, however, the exhibit attached to the complaint establishes that Pais filed suit without first exhausting his administrative remedies at the jail. Therefore, this suit must be dismissed because it is frivolous to sue without exhausting administrative remedies.

Pais attached the grievance report form that he submitted on August 29, 2023, about the alleged use of excessive force from December 2022. ECF 1-1. The grievance, filed eight months after the attack, was rejected as untimely. The reviewing officer explained the steps and time limits for filing a grievance that are listed in the Jail Rules. First, the inmate should attempt to resolve the issue with the duty officer. If unsuccessful, he should submit a grievance on the Grievance Report Form to the Jail Supervisor. If the inmate is unhappy with that response, he may submit the grievance to the Jail Commander. And if the inmate does not like that response, he may appeal to the Sheriff. The initial grievance to the Jail Commander must be submitted within five days of the incident. The reviewing officer determined that the August 29, 2023, grievance was filed well beyond the time limit for an event that occurred in December 2022.

In the Prison Litigation Reform Act, Congress mandated that prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is designed to provide the jail with notice of a problem and give them an opportunity to fix it. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). "The sole objective of § 1997e(a) is to permit the [jail's] administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (citations and quotation marks omitted).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809. Thus, "[t]o exhaust remedies, a prisoner must file complaints and

appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). An untimely grievance that is rejected for being late does not satisfy the exhaustion requirement. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ."). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis in original).

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). The record here shows that Pais did not properly exhaust his administrative remedies before filing suit, and therefore this case must be dismissed. *See Schillinger v. Kiley*, No. 21-2535, 2022 WL 4075590, at *1 (7th Cir. Sept. 6, 2022) (unpublished) ("Although failure to exhaust is an affirmative defense, a district court may dismiss a complaint at screening if the complaint, and any documents subject to judicial notice, establish the defense so plainly as to make the suit frivolous.").

For these reasons, this case is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) because it is frivolous to sue before exhausting administrative remedies.

SO ORDERED on February 1, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

4